# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SHANE DALE BROWN,

    **Plaintiff,**

v.                                     Civil Action 2:18-cv-171
                                        Chief Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge Jolson

**ERIC D. HOLBROOK, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff Shane Dale Brown, a *pro se* prisoner, initially brought this action against Eric D. Holbrook and the Ohio State Highway Patrol on February 28, 2018. (*See* Doc. 1-2). In its March 2, 2018 Order, the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). The Court was unable to conduct an initial screen of the Complaint at that time, however, because Plaintiff attached two exhibits totaling more than 100 pages, rather than providing any factual allegations in what he titled his Complaint. (*Id.*). Pursuant to the Court's Order (*id.*), Plaintiff filed an Amended Complaint on March 19, 2018, against only Defendant Holbrook. (Doc. 4).

Having performed an initial screen of the Amended Complaint pursuant to 28 U.S.C. § 1915A(a), and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action under § 1915(e)(2) for failure to state a claim on which relief may be granted.

## I.    LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis* (*see* Docs. 1, 2), the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.   BACKGROUND

Plaintiff alleges in his Amended Complaint that on August 28, 2015, he was pulled over in a traffic stop by Officer Eric Holbrook. (Doc. 4 at 1). During the course of that stop, Plaintiff states that:

> [he] was tased and placed in hand restraints behind my back, while in restraints and in custody of Officer Holbrook Plaintiff was assaulted and severely beaten up by Officer Holbrook with multiple injuries, Officer Holbrook did maliciously and sadistically try to hurt Plaintiff and did in fact cause permanent damage physically, mentally, and emotionally to Plaintiff which was the result of cruel and unusual punishment violating Plaintiff's eighth amendment.

(*Id.* at 1–2). Plaintiff also alleges that following his arrest, the Franklin County Jail refused to book Plaintiff because of his injuries. (*Id.* at 2). Plaintiff was subsequently admitted to Grant Medical Hospital. (*Id.*).

Plaintiff seeks $300,000 in relief for pain and suffering and asks that "Officer Holbrook be held responsible for his actions on August 28, 2015." (*Id.* at 2–3).

## III. DISCUSSION

As an initial matter, Plaintiff appears to be alleging that Defendant Holbrook violated his Eighth Amendment right to be free from cruel and unusual punishment when Defendant Holbrook used excessive force against him. However, because the alleged misconduct by Defendant Holbrook occurred prior to Plaintiff's conviction, the Eighth Amendment was not implicated. *See Bass v. Robinson*, 167 F.3d 1041, 1049 (6th Cir. 1999) (holding that because "the alleged misconduct occurred prior to Plaintiff's conviction, the Eighth Amendment was not implicated"); *see also Ingraham v. Wright,* 430 U.S. 651, 671 n. 40 (1977) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law"). Interpreting Plaintiff's complaint liberally, however, the undersigned construes Plaintiff's claim as a 42 U.S.C. § 1983 excessive force claim. *See Todd v. City of Zanesville Police Dep't*, No. 2:05-CV-1076, 2006 WL 1027756 (S.D. Ohio Apr. 19, 2006).

"The statute of limitations applicable to a § 1983 action is determined by reference to state law, while the date on which the statute of limitations begins to run is governed by federal law." *Wheeler v. Dayton Police Dep't*, No. 12-4029, 2013 U.S. App. LEXIS 26373, *3 (6th Cir. Mar. 15, 2013) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)); *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007)). The statute of limitations for a § 1983 civil action arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, "which requires that actions for bodily injury be filed within two years after their accrual." *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). "Ordinarily, such a period begins to run when the plaintiff

3

knows or has reason to know of the injury that is the basis of his action." *See Wheeler*, 2013 U.S. App. LEXIS 26373, *3–4 (citing *Eidson*, 510 F.3d at 635). In making this determination, courts look to "what event should have alerted the typical lay person to protect his or her rights." *Eidson*, 510 F.3d at 635 (quotations and citations omitted).

Here, Plaintiff's claims stem from alleged injuries that occurred during an August 28, 2015 traffic stop. (*See* Doc. 4). Plaintiff was, or should have been, aware of those injuries at that time. *See Wheeler*, 2013 U.S. App. LEXIS 26373, *4. Indeed, the United States Court of Appeals for the Sixth Circuit "has recognized that a claim of excessive force generally accrues on the date that the plaintiff was subject to the excessive force." *Id.* (citing *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007); *see also Hodge v. City of Elyria*, 126 F. App'x 222, 224 (6th Cir. 2005) ("[W]hen asserting a claim under § 1983 for the use of excessive force, the "injury" occurs on the date of the constitutional injury, the date the allegedly excessive force is used.")). Plaintiff, however, did not file the instant case until February 28, 2018, more than two years after the alleged excessive force occurred.

"Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted." *Lowe v. Ohio*, No. 1:18-cv-92, 2018 U.S. Dist. LEXIS 27850, *5–6 (S.D. Ohio Feb. 21, 2018). Thus, because it is clear that Plaintiff's claims of excessive force are time-barred, it is recommended that this action be dismissed.

## IV. CONCLUSION

For the reasons stated, it is **RECOMMENDED** that the Court **DISMISS** this action. The Clerk is directed to send a Copy of this Order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: March 26, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE